UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON MACDONALD,

    Plaintiff,

v().    Case No: 6:25-cv-1098-JSS-NWH

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL FOR THE STATE OF
FLORIDA,

    Defendants.
_____/

## ORDER

Plaintiff, Jason MacDonald,[1] proceeding pro se, is a convicted prisoner in the custody of the Florida Department of Corrections. (*See* Dkt. 1.) Upon consideration, for the reasons outlined below, this action is dismissed without prejudice to permit Plaintiff the opportunity to refile his claims in the appropriate jurisdiction or jurisdictions, and in a pleading or pleadings that comply with all applicable procedural rules.

On May 9, 2025, Plaintiff filed the instant complaint with the United States District Court for the Northern District of California. (*Id.* at 1.) The case was subsequently transferred to this court. (Dkts. 9–11.) The factual allegations raised in

---

[1] Plaintiff alternately spells his surname "MacDonald" and "McDonald." (*Compare* Dkt. 1 at 12, *with* Dkt. 1-1 at 1.) Because he uses the former spelling in the caption of his complaint, (*see* Dkt. 1 at 1), the court uses that spelling.

the complaint are difficult to discern, but it appears that Plaintiff asserts claims for false imprisonment, denial of access to the courts, racial discrimination, misprision of a felony, medical malpractice, and the loss of his property (*i.e.*, his commissary money). (Dkt. 1 at 2–5.) He seeks compensatory and punitive damages, a new identity, and immediate release. (*Id.* at 1–5, 12.) He names twenty individuals as Defendants, including several judges and prosecutors. (*Id.* at 5–9.)

Upon review, this action is due to be dismissed without prejudice for several reasons. First, although Plaintiff asserts that his claims are pursuant to 42 U.S.C. § 1983, (*see id.* at 1), he is requesting release from confinement in addition to monetary damages, (*see id.* at 12), which is a remedy that cannot be obtained in a section 1983 action. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 494, 500 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). Therefore, it is not clear what kind of action Plaintiff desires to prosecute in this case.

Second, regardless of the type of action, Petitioner fails to use the standard form required by the local rules. *See* M.D. Fla. R. 6.04(a) ("A pro se person in custody must use the standard form . . . to file: (1) an application under 28 U.S.C. § 2241, (2) an application under 28 U.S.C. § 2254 . . . , or (3) a complaint, such as a 42 U.S.C § 1983 complaint, that alleges a violation of the United States Constitution or other federal law by a government official."). *See also* Rule 2(d) of the *Rules Governing Section 2254*

*Cases in the United States District Courts* (requiring section 2254 petitions to "substantially follow . . . a form prescribed by a local district-court rule").

Third, to the extent Plaintiff seeks relief under section 1983, he fails to state a claim upon which relief may be granted. It appears that Plaintiff attempts to hold multiple judges and prosecutors liable for his continued incarceration. (*See* Dkt. 1 at 5–9.) However, prosecutors are immune from suit under section 1983 for actions taken while performing their prosecutorial duties, *see e.g.*, *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."), and judges are entitled to absolute immunity for "acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction," *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation omitted).

Fourth, Plaintiff does not describe the actions taken by any named defendant. (*See generally* Dkt. 1.) A plaintiff must proffer more than conclusory and vague allegations to state a cause of action under section 1983. *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984) ("In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations are vague and conclusory." (collecting cases)). "While [courts] do not require technical niceties in pleading, [courts] must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (quoting *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)).

Fifth, and finally, it appears that some of Plaintiff's claims may be unrelated to the same defendant or the same matter or incident—for example, his complaint simultaneously alleges that he has been falsely imprisoned, subject to medical malpractice, and had his commissary money misappropriated. (Dkt. 1 at 3–4.) Where claims are not related to the same defendant or the same basic issue or incident, each claim must be addressed in a separate complaint, *see* Fed. R. Civ. P. 18(a), 20(a)(2), and each complaint must be filed in the appropriate jurisdiction, *see generally* 28 U.S.C. § 1391(b).

Accordingly:

1. This case is **DISMISSED without prejudice**. Plaintiff may refile his claims in the appropriate jurisdiction or jurisdictions and in a new pleading or pleadings that comply with all applicable procedural rules.

    a. Plaintiff should not place the present case number on the standard form, as this case is closed.

    b. The Clerk will use any such newly filed pleading to initiate a new case and will assign it a new case number.

    c. At the time of such filing, Plaintiff must either pay the filing fee or move to proceed in forma pauperis.

2. Plaintiff's motion to proceed in forma pauperis (Dkt. 2) is **DENIED as moot**.

3. The Clerk is **DIRECTED** to mail to Plaintiff the standard 28 U.S.C. § 2254 habeas form, the standard 42 U.S.C. § 1983 prisoner civil rights complaint form, and the standard prisoner affidavit of indigency form.

4. The Clerk is **FURTHER DIRECTED** to terminate any pending motions or deadlines and to close this case.

**ORDERED** in Orlando, Florida, on June 25, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party